**Price Law Group, APC**
Alla Gulchina (SBN 003732010)
86 Hudson Street
Hoboken, New Jersey, 07030
Tel: 818-600-5566
alla@pricelawgroup.com
*Attorneys for Plaintiff,*
*Jennifer Murray*

# UNITED STATES DISTRICT COURT
# OF NEW JERSEY

| | |
|---|---|
| JENNIFER MURRAY,<br><br>  Plaintiff,<br><br> vs.<br><br>NAVIENT SOLUTIONS, LLC, formerly known as NAVIENT SOLUTIONS, INC.,<br><br>  Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jennifer Murray ("Plaintiff"), through her attorneys, alleges the following against Defendant, Navient Solutions, Inc. ("Defendant").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in Lyndhurst, Bergen County, New Jersey.

5. Defendant is a creditor engaged in the business of giving loans and managing credit accounts with its principal place of business located 2001 Edmund Halley Drive, Reston, VA 20191. Defendant can be served with process at Corporation Service Company. Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219.

## FACTUAL ALLEGATIONS

6. Defendant is attempting to collect a debt from Plaintiff.

7. In and around July 2017, Defendant began placing calls to Plaintiff's cellular phone number (845) 283-3265, in an attempt to collect an alleged debt.

8. The calls came from the following telephone numbers: (570) 904-8746, (856) 242-2501, (202) 899-1317, (765) 637-0795, (512) 377-9222, (570) 904-8752, (615) 432-4234, (513) 914-4617, (513) 914-4619, (607) 271-6203, (317) 550-5610, and (302) 401-4388; upon information and belief these numbers are owned or operated by Defendant.

9. On or around July 14, 2017, at approximately 8:06 a.m., Plaintiff answered a collection call from Defendant, telephone number (570) 904-8746; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

10. Defendant informed Plaintiff that it was attempting to collect a debt.

11. Plaintiff instructed Defendant not to contact her any further.

12. On or around September 19, 2017, at approximately 8:54 a.m., Plaintiff answered a second collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. The representative stated that they would continue calling despite the request.

13. Defendant informed Plaintiff that it was attempting to collect a debt.

14. Plaintiff instructed Defendant not to contact her any further.

15. Defendant ignored both of Plaintiff's requests to cease calls and continued calling her through March 2018.

16. Upon information and belief, approximately fifty-seven (59) calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

17. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain computer software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database od numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

18. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

19. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* At 14091-92, paras. 132-33.

20. Defendants excessive calls caused stress and anxiety, which affected her work performance and caused lack of sleep on several occasions.

21. The calls also affected Plaintiff's personal life, receiving multiple calls a day caused embarrassment as employers, co-workers, friends and family would question the nature of the calls due to the frequency.

22. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

24. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

25. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number

assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of the action, on multiple occasions,   Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

26. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, Jennifer Murray, respectfully requests judgment be entered against Defendant, Navient Solutions, LLC formerly known as Navient Solutions, Inc., for the following:

   A. Statutory damages for each and every violation and actual damages pursuant to 47 U.S.C. § 227(b)(3)(B); and

   B. Any other relief that the Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

| | | |
|---|---|---|
| Dated: November 12, 2018 | By: | */s/Alla Gulchina* <br> Alla Gulchina (SBN 003732010) <br> **Price Law Group, APC** <br> 86 Hudson Street <br> Hoboken, NJ 07030 <br> alla@pricelawgroup.com <br> *Attorney for Plaintiff,* <br> *Jennifer Murray* |